**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CECIL BLEDSOE, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>    Defendant. ) | Case No. CIV-05-324-M |

## ORDER

On March 6, 2006, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this action brought pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's application for disability insurance benefits under the Social Security Act. The Magistrate Judge recommended the Commissioner's decision be affirmed. The parties were advised of their right to object to the Report and Recommendation by March 27, 2006, and on that date, plaintiff filed her objections.

In her objections, plaintiff contends the Magistrate Judge erred in finding that plaintiff's procedural due process rights were not violated when the Administrative Law Judge ("ALJ") terminated plaintiff's counsel's cross-examination of the vocational expert.[1] The case law is clear, and the parties do not dispute, that procedural due process requires meaningful cross-examination. Having carefully reviewed the Report and Recommendation, plaintiff's objections to the Report and

---

[1] In her objections, plaintiff objects to other aspects of the Report and Recommendation. In light of the Court's finding regarding the procedural due process issue, the Court declines to address plaintiff's other objections.

Recommendation, the parties' briefs in this matter, and particularly the transcript of plaintiff's counsel's cross-examination of the vocational expert, the Court finds that plaintiff was not allowed a meaningful opportunity to cross-examine the vocational expert. Specifically, the Court finds that while plaintiff's counsel was able to ask some questions regarding the skill and exertional levels of the jobs the vocational expert identified as appropriate for a claimant with plaintiff's residual functional capacity, these questions were preliminary in nature and plaintiff's counsel never had the opportunity to ask more detailed questions regarding the nature, requirements, and skills of these jobs in relation to plaintiff's impairment. The Court finds the ALJ improperly terminated plaintiff's counsel's cross-examination of the vocational expert, improperly terminated the hearing, and, consequently, violated plaintiff's procedural due process rights. Accordingly, the Court finds that the Commissioner's decision should be reversed and remanded for further administrative proceedings to allow plaintiff a meaningful opportunity to cross-examine the vocational expert.

Therefore, for the reasons set forth above, the Court:

(1) DECLINES TO ADOPT the Report and Recommendation issued by the Magistrate Judge on March 6, 2006;

(2) REVERSES the decision of the Commissioner;

(3) REMANDS for further administrative proceedings consistent with this Order; and

(4) ORDERS that judgment issue forthwith in accordance with the provisions of sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED this 29th day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE